UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION


IN RE:

SAMARITAN ALLIANCE, LLC, et al.

DEBTORS                                                       CASE NO. 07-50735


SAMARITAN ALLIANCE, LLC
d/b/a Samaritan Hospital                                      PLAINTIFF


VS.                                                           ADV. NO. 08-5098


COMMONWEALTH OF KENTUCKY,
CABINET FOR HEALTH AND FAMILY SERVICES
and JANIE MILLER in her capacity as
Secretary of the Cabinet for Health and
Family Services                                               DEFENDANTS

## MEMORANDUM OPINION

This matter is before the court on the Plaintiff's Motion for Summary Judgment and the Defendants' Response and Cross-Motion for Summary Judgment. The Plaintiff filed its Complaint for Declaratory Judgment seeking relief voiding actions of the Defendants allegedly taken in violation of the automatic stay, and declaring a disputed debt barred by operation of the bar date contained in the Plaintiff's Amended Plan of Orderly Liquidation and Distribution. The Defendants have since demonstrated that a proof of claim was timely filed, and the Plaintiff will not pursue that aspect of its Complaint. This court has jurisdiction of this matter pursuant to Judicial Code section 1334(b); it is a core proceeding pursuant to Judicial Code section 157(b)(2).

1

1.   Factual and procedural background

The Plaintiff filed its Chapter 11 case in this court on April 16, 2007.  Five days prior to the filing date, on April 11, 2007, Defendant Commonwealth of Kentucky Cabinet for Health and Family Services ("the Cabinet") issued a letter to the Plaintiff stating that it had determined that the Plaintiff owed the Cabinet $241,687.00 for Medicaid outpatient reimbursement overpayments during the 2005 rate year.  Pursuant to 907 KAR 1:671 §§ 8 and 9, the Plaintiff had 30 days within which to initiate an appeal of the Cabinet's determination; the Plaintiff did not file a request for a hearing until May 29, 2007.  The Plaintiff's request for a hearing was forwarded to the Cabinet's Administrative Hearings Branch for scheduling.  The Cabinet moved to dismiss the administrative appeal as untimely filed, and on October 4, 2007, the hearing officer so recommended.

On October 19, 2007, the Plaintiff filed exceptions to the recommended order in which it advanced several arguments.  On January 13, 2008, however, the Cabinet issued its final order and affirmed the recommended order.  The Plaintiff then filed suit in Franklin Circuit Court on February 15, 2008, challenging the Cabinet's final order under KRS 13B.140.  Various dispositive motions were filed, and on August 29, 2008 the Franklin Circuit Court conducted oral arguments.  At that time the Plaintiff requested that the court delay ruling to allow the Plaintiff to bring the within proceeding in this court for a determination of whether the Cabinet had violated the automatic stay.  This proceeding was filed on October 15, 2008.

2.   Discussion

The Plaintiff contends that the Cabinet violated the automatic stay in dismissing the Plaintiff's appeal without first seeking relief. Bankruptcy Code section 362 provides in pertinent part:

> (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title . . . operates as a stay, applicable to all entities of–
> (1) the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title[.]

11 U.S.C. § 362(a)(1). The Plaintiff further contends that the Cabinet's regulatory deadline for appeal of its April 11, 2008 determination was suspended or "tolled" by the filing of the Plaintiff's bankruptcy case. Actions taken in violation of the automatic stay have been held to be void and without effect. The Plaintiff asks the court to so rule.

The Cabinet responds that its action constituted a recoupment, and as such, the amount in dispute was never part of the bankruptcy estate, and efforts to recover it cannot violate the automatic stay. The requirements to be met for recoupment to be allowed are that "an overpayment must have been made, and both the creditor's claim and the amount owed to the debtor must have arisen from a single contract or transaction." *In re Dist. Mem'l Hosp. of S.W. North Carolina, Inc.*, 297 B.R. 451, 454 (Bankr. W.D. N.C. 2002). Further,

> Because both the Medicare and Medicaid Programs provide for the recovery of overpayments, common law recoupment claims are a recurring theme in bankruptcy case involving health care providers. *See, e.g., TLC Hosps.*, 224 F.3d 1008; *United States v. Consumer Health Serv. of Am., Inc.,* 108 F.3d 390 (D.C. Cir. 1997); *University Med. Ctr. v. Sullivan (In re University Med. Ctr.)*, 973 F.2d 1065 (3d Cir. 1992). However, the Circuit Courts that have addressed this issue have employed different analytical approaches and adopted differing definitions of what constitutes the 'same transaction' for the purposes of recouping overpayments.

3

>    *Compare TLC Hosps.*, 224 F.3d at 1012 (holding that the
>    'distinctive Medicare system of estimated payments and later
>    adjustments' met the court's understanding of a single
>    transaction), *and Consumer Health Serv.*, 108 F.3d at 394
>    (holding that the federal Medicare statute's provisions for
>    adjustments for prior overpayments was dispositive on the
>    issue of recoupment), *with University Med. Ctr.*, 973 F.2d at
>    1081-82 (holding that each audit year constituted a single
>    transaction for purposes of recouping Medicare overpayments
>    from a bankrupt health care provider.

*Id.* at 454.

The Plaintiff maintains that the Cabinet's action cannot be deemed a recoupment because it is, instead, a demand for reimbursement. The Plaintiff states that the Cabinet is not seeking to deduct the overpayment from any future reimbursements, and so there is no "flow of payments" from which the overpayment could be recouped. As set out below, the Cabinet can seek repayment of the sum owed without engaging in any adjustment of future payments. The court in *In re TLC Hosps., Inc., supra,* held that overpayments and underpayments from year to year are a part of the same transaction in the Medicare context. The court explained

>    The Medicare statute specifies an accelerated payment system
>    to ensure the providers are paid promptly. Under this
>    system, a Medicare provider . . . receives periodic payments
>    for its services on an *estimated* basis prior to an audit
>    which determines the precise amount due to the provider. 42
>    U.S.C. § 1395g . . . Consequently, underpayments and
>    overpayments are an expected and inevitable result of this
>    payment system.
>    Regulations promulgated by the Secretary require the
>    provider to submit a 'cost report' on an annual basis. 42
>    C.F.R. § 413.20(b). A fiscal intermediary under contract
>    with H[ealth and] H[uman] S[ervices] calculates and
>    dispenses the estimated periodic payment which are to be
>    made 'not less than monthly.' 42 U.S.C. § 1395g(a). At the
>    end of each 'reporting year,' the intermediary, relying on
>    the cost report, conducts an audit of the provider. . . .
>    [T]he audit reveals the precise amount of any overpayments
>    or underpayments. . . .
>    Upon conclusion of the audit, a 'retroactive adjustment' is
>    made. 42 C.F.R. § 413.64(f). . . . To recover [any]

4

> overpayments, the intermediary may either adjust subsequent reimbursement payments or **arrange for repayment by the provider**. 42 U.S.C. § 1395g(a); 42 C.F.R. §§ 405.1803(c), 413.64(f); *see also* 42 C.F.R. § 405.371(a).

*In re TLC Hosps., Inc.*, 224 F.3d 1008, 1011-12 (9th Cir. 2000)(some citations omitted)(emphasis added).

The court believes that this reasoning supports the Cabinet's position in this matter. The court therefore concludes that the Cabinet has demonstrated that it is entitled to judgment as a matter of law and that its Cross-Motion for Summary Judgment should be sustained and the Plaintiff's Motion for Summary Judgment overruled. An order in conformity with this opinion will be entered separately.

Copies to:

Brian T. Judy, Esq.
John W. Woodard, Jr., Esq.
W. Thomas Bunch, Esq.

5

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*William S. Howard*
**Bankruptcy Judge
Dated: Monday, March 16, 2009
(wsh)**